**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ERIC HEDGEPETH,

    *Plaintiff*,

v.

TELLO MENDEZ NIMKISELA,

    *Defendant*.

Civil Action No. 21-192

**OPINION & ORDER**

Plaintiff seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but **DISMISSES** the Complaint for lack of subject matter jurisdiction.

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). The Court must also ensure that the Complaint sets forth a proper basis of subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1447(c); *see also New Jersey v. Aristeo*, No. 14-7911, 2014 WL 7404539, at *1-2 (D.N.J. Dec. 30, 2014) (granting *in forma pauperis* application of removing defendant and *sua sponte* remanding the

1

action for lack of subject matter jurisdiction), *aff'd*, 610 F. App'x 95 (3d Cir. 2015). Critically, "[a] federal court is bound to consider its own jurisdiction preliminary to consideration of the merits." *Kaplan v. Garrison*, No. 15-1915, 2015 WL 2159827, at *2 (D.N.J. May 6, 2015). If jurisdiction is lacking, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

A federal court has jurisdiction in a civil case when "a federal question is presented on the face of the plaintiff's properly pleaded complaint," *Hirschbach v. NVE Bank*, 496 F. Supp. 2d 451, 454 (D.N.J. July 24, 2007), or when there is diversity of citizenship. A court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, if the complaint "establishes that federal law create[s] the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *ACR Energy Partners, LLC v. Polo N. Country Club, Inc.*, 143 F. Supp. 3d 198, 202 (D.N.J. 2015). In this matter, Plaintiff, an employee at a Shoprite, asserts unnamed claims against a co-worker. Plaintiff alleges that he got into an argument with Defendant about a break during work. The General Manager suspended Plaintiff for eight days because of the argument but did not suspend Defendant. Compl. at 2-3. Plaintiff does not assert any causes of action that are based on federal law in his Complaint, nor is the Court aware of any that may encompass Plaintiff's claims. Therefore, federal question subject matter jurisdiction does not appear to exist.

Federal district courts have diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a). For purposes of determining the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Raspa v. Home Depot*, 533 F. Supp. 2d 514, 517 (D.N.J. 2007) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). A plaintiff fails to meet the amount in controversy requirement only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. *Id.* Here, Plaintiff states that he seeks $1,500 in damages from Defendant. Compl. at 3. As a result, Plaintiff does not meet the amount in controversy requirement, and does not establish that this Court has diversity jurisdiction.

In sum, this Court lacks subject matter jurisdiction over this matter. Plaintiff's Complaint, therefore, is dismissed pursuant to Federal Rule of Civil Procedure 12(h). Because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with an opportunity to file an amended complaint. Plaintiff is afforded thirty (30) days to file an amended pleading that properly sets forth the basis for this Court subject matter jurisdiction. If Plaintiff fails to file an appropriate amended pleading, the matter will be closed.

Therefore, for the reasons set forth above and for good cause shown,

IT IS on the 24th day of February, 2022

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice, pursuant to Federal Rule of Civil Procedure 12(h), for lack of subject matter jurisdiction; and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above.  Failure to file an amended complaint within this time will result in the entire case being dismissed and closed; and it is further

**ORDERED** that the Clerk shall serve this Opinion & Order upon Plaintiff by regular mail and certified mail return receipt.

_____
JOHN MICHAEL VAZQUEZ, U.S.D.J.